UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | CASE NO. 3:14-CR-89-PLR-HBG |
| ) | |
| BOBBIE JO FORRESTER ) | |

## ORDER OF COMMITMENT FOR
## MENTAL EXAMINATION AND EVALUATION

This matter came before the court on March 5, 2015, for a change of plea hearing. Assistant United States Attorney Brooklyn Sawyers appeared on behalf of the Government. Wesley D. Stone appeared on behalf of the defendant, Bobbie Jo Forrester. During the hearing, Mr. Stone made an oral motion for the court to determine the defendant's competency to proceed with the change of plea hearing. He also asked that the defendant undergo a mental evaluation at a Bureau of Prisons facility to assist the court in making this determination. Counsel stated that he had discussed the mental evaluation with defendant and that she understands that she would go into custody for the evaluation. AUSA Sawyers stated that the government does not oppose counsel's request for a mental evaluation, and takes no position on the request that defendant self-report to the United States Marshal Service for transport to the designated facility.

Based upon the court's observations and counsel's interactions with the defendant, the court finds that reasonable cause exists to believe that defendant may presently be suffering from a mental disease or defect that renders her mentally incompetent to the

extent that she is unable to understand the nature and consequences of the proceedings against her or to assist properly in her defense.. The court concludes that reasonable cause exists to warrant a mental examination and evaluation of defendant under 18 U.S.C. § 4241(a). Accordingly, the court **GRANTS** defense counsel's oral motion that defendant undergo an inpatient competency evaluation at a Bureau of Prisons facility. The court finds, however, that it may take two to three weeks for the designation of a BOP facility. Thus, the court finds that the defendant may remain out on her current conditions of release until a BOP facility is designated. At that time, defendant may self-report to the custody of the Attorney General by reporting to the United States Marshal Service for transport to the designated facility.

It is hereby **ORDERED**, pursuant to 18 U.S.C. §§ 4241(b), 4247(b) and 4247(c) as follows:

1. Defendant shall self-report to the custody of the Attorney General, or his designated representative, following designation for confinement in a suitable facility for the purpose of conducting a psychiatric and/or psychological examination by one or more licensed or certified psychiatrists and/or clinical psychologists. After designation of the facility is received, defendant shall be transported by the United States Marshal Service to such facility.

2. The purpose of the evaluation shall be for one or more licensed or certified psychiatrists and/or clinical psychologists to conduct psychiatric and psychological examinations of defendant for the purpose of determining whether defendant is suffering from a mental disease or defect rendering her incompetent to the extent that she is unable

2

to understand the nature and consequences of the proceedings against her or to assist properly in her defense.

3. Pursuant to Rule 12.2(c), Federal Rules of Criminal Procedure, defendant is to submit to such examinations as ordered above.

4. Defendant shall be given any necessary medications if determined appropriate by the medical staff at the facility.

5. The examiner and/or examiners designated to conduct such examinations shall, pursuant to 18 U.S.C. § 4247(c), file with the court as soon as possible after the completion of such examinations, a report of their examinations with copies provided to counsel for the defendant and counsel for the United States, and said report shall include:

(a) defendant's history and present symptoms;

(b) a description of the psychiatric, psychological and medical tests, that were employed and their results;

(c) the examiner's findings;

(d) the examiner's opinions as to diagnosis and prognosis; and

(e) the examiner's opinion as to whether defendant is suffering from a mental disease or defect rendering her mentally incompetent to the extent that she is unable to understand the nature and consequences of the proceedings against her or to assist properly in her defense.

6. Pursuant to 18 U.S.C. § 4247(b), defendant shall be committed to the custody of the Attorney General for the purpose of such examinations for a reasonable period of time not to exceed **thirty (30) days,** unless otherwise ordered by the court.

7. Defendant shall be returned to the custody of the United State Marshal immediately following the completion of the evaluation or the expiration of the thirty (30) day period, or any reasonable extension of that time period, whichever is sooner.

8. A competency hearing and/or status conference will be set for May 4, 2015, at 1:30 p.m. If defendant has returned and the court has received the forensic report prior to this time, the court may schedule a competency hearing on an earlier day. If the defendant has not returned, or the court has not received the forensic report by this date, then the matter will proceed as a status conference.

9. The United States Marshal shall notify the Clerk of the Court and the undersigned's office promptly when defendant returns to this district from the mental evaluation. If defendant has returned in time, the Marshal shall bring her to the May 4, 2015 competency hearing. The court will take up the matter of the defendant's continued release on conditions at the competency hearing.

10. The Clerk of the Court is **DIRECTED** to serve copies of this Order on counsel of record and to serve three (3) certified copies on the United States Marshal.

**IT IS SO ORDERED.**

Enter:

_____
**UNITED STATES DISTRICT JUDGE**